UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>VIECONNECT, et al.,<br><br>        Defendants. | Case No. 25-cv-03639-NW<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: ECF No. 18 |

Before the Court is Timeless Production FZ LLC's ("Timeless") motion for alternative service of process on Defendants Tran Van Ha, Pham Tien Dong, Vieconnect Vietnam Technology and Services Investment Company Limited ("Vieconnect"), and Does 1-10 (collectively "Defendants"). Mot., ECF No. 18. The Court DENIES the motion without prejudice. However, unless Plaintiff files a motion seeking alternative service that includes reasonable, documented, repeated attempts to serve Defendants and gives them notice of this action, consistent with the Hague Convention and the spirit of due process, the Court will not grant a request for alternative service.

**I.     BACKGROUND**

    **A.     Factual Background**

"Plaintiff is a widely recognized and monetized YouTube channel" with "a substantial global audience." First Amended Complaint ("FAC") ¶ 21, ECF No. 10. Plaintiff alleges that Defendants, all of whom are in Vietnam, "unlawfully reproduce[ed] Plaintiff's works in multiple videos uploaded to the WOW Tech & WOW TV YouTube channel[s]." *Id.* ¶ 24. Specifically, Plaintiffs allege that Defendants infringed on exclusive copyrights belonging to Plaintiff by

"systematically reproduc[ing], cop[ying], display[ing], and distribut[ing] Plaintiff's copyrighted videos and unlawfully featur[ing] an [sic] copyrighted 2D Artwork- photograph as the thumbnail of their infringing video without authorization." *Id* ¶ 23. Those "actions directly infringe[d] on Plaintiff's exclusive rights, diverting viewers, subscribers, and revenue while profiting from Plaintiff's original content without consent." *Id.*

On April 21, 2025, Plaintiff submitted three "DMCA [Digital Millennium Copyright Act] takedown notices" to YouTube requesting the removal of three specific videos for copyright infringement. *Id.* ¶ 26 & Exs. C-E. As appears to be YouTube's process, YouTube reached out to the infringing channels about Plaintiff's allegations. *Id.* ¶ 26 & Exs. F-H. In response, the infringing channels "falsely represented ownership of Plaintiff's content" in each instance. *Id.* ¶ 26. YouTube temporarily removed the infringing videos from Defendants' channels, but Defendants' false counternotices "forced Plaintiff to take legal action to prevent the infringing videos from being reinstated." *Id.* ¶ 27.

### B. Procedural Background

On April 30, 2025, Plaintiff filed a complaint and *ex parte* motion for temporary restraining order and preliminary injunction, which included an initial request to serve Defendants via alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). *See* ECF Nos. 1, 2. On May 2, 2025, the Court denied the motion, and Plaintiff's request to "serve Defendants according to the terms of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention")." *See* TRO Order at 4, ECF No. 6. The Court indicated that Plaintiff could "file a request to serve by an alternative method" provided "Plaintiff is unsuccessful in its attempts to serve Defendants using the methods required under the [Hague] Convention, or for good cause. *Id.* at 5. If Plaintiff elected to renew the request for alternative service, the motion was to "detail Plaintiff[']s efforts at service as well as its attempts to understand and comport with the law governing service of process in the relevant countries." *Id.*

The Court issued Summons on May 8, 2025. ECF No. 12. The following day, Plaintiff requested additional time to serve Defendants; the Court granted that request and extended the

2

1  deadline to June 14, 2025. ECF Nos. 13, 14. On June 5, 2025, Plaintiff renewed its motion to
2  authorize alternative service of process under Rule 4(f)(3). Fed. R. Civ. P. 4(f)(3); Mot.

## II.  LEGAL STANDARD

Plaintiff's motion is governed by Federal Rule of Civil Procedure 4(f), which addresses "Serving an Individual in a Foreign Country." Plaintiff specifically invokes Rule 4(f)(3), which permits service on a foreign defendant through an alternate method of service that is (1) directed by the court and (2) is not prohibited by international agreement. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

In evaluating motions for alternative service under Rule 4(f)(3), district courts apply a three-step analysis. First, courts assess whether the proposed method of service is prohibited by international agreement. *Id*. Second, courts determine whether Plaintiff has demonstrated "that the facts and circumstances of the present case necessitate[ ] the district court's intervention." *Id.* at 1016. Third, the court must confirm that the proposed method of service comports with constitutional notions of due process by being "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (Jackson, J.)).

Defendants are in Vietnam, a signatory to the "Hague Convention"; Plaintiff must serve Defendants accordingly. While "[n]othing in the Hague Convention itself prohibits alternative service by email," *Google LLC v. Does 1-3*, No. 23-CV-05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. Dec. 21, 2023), district courts "generally require a showing [that] service by email is necessary," not just preferred, *Astral IP Enterprise Ltd.*, 2023 WL 5498730, at *2 (N.D. Cal. August 23, 2023). These circumstances arise where, for example, an address cannot be located, *see id.*, or where there is evidence a defendant is attempting to "evade" service, *see Rubie's Costume Co. v. Yiwu Hua Hao Toys Co.*, 2019 WL 6310564, at *3 (W.D. Wash. November 25, 2019). Service by email may be proper only when (1) international agreement does not prohibit service by email, and (2) service by email is reasonably calculated to provide actual notice to the

3

1  defendant. *See D.Light Design, Inc. v. Boxin Solar Co.*, No. C–13–5988 EMC, 2015 WL 526835,
2  at *1 (N.D. Cal. Feb. 6, 2015) (collecting cases).

**III.    DISCUSSION**

Plaintiff fails to demonstrate the necessity of alternative service. Beyond once attempting to serve Defendants by mail, Plaintiffs have made no other attempts to notify Defendants of this case. *See* Mot. at ¶¶ 12-13. The document packages that Plaintiff sent "were not successfully delivered," which, Plaintiff alleges, "reflect[s] a pattern of evasion or willful noncompliance." *Id*. The Court disagrees. A single failed attempt to serve Defendants via mail is not enough to suggest Defendants are evading service; Defendants simply may not have been there when the package was attempted to be delivered. Plaintiff has not made the repeated, concerted effort courts look for when permitting alternative service. *Cf. S.E.C. v. Anticevic*, No. 05 Civ. 6991, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (permitting alternative service after plaintiff twice attempted to serve defendant in two different countries); *S.E.C. v. China Sky One Med., Inc.*, No. CV 12–07543–MWF (MANX), 2013 WL 12314508, at *3 (C.D. Cal. Aug. 20, 2013) (allowing alternative service where plaintiff "attempted service through the Hague Convention for nine months without success); *Laborers Dist. Council Constr. Indus. Pension Fund v. Sea Ltd.*, 345 F.R.D. 623, 625 (D. Ariz. 2024) (granting service via email after private investigator unsuccessfully attempted to locate defendants' addresses).

Even if the Court were inclined to permit alternative service, Plaintiff's motion fails to demonstrate that Plaintiff's proposed means of service "comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1015. As an initial matter, throughout the motion Plaintiff asks for myriad types of alternative service, making it unclear what type of service Plaintiff actually wants. The face of the motion requests that the Court authorize service via email, "YouTube direct messaging" to the infringing channels, and through Defendant "Vieconnect's online contact portal." Mot. at ii. Plaintiff's conclusion in the memorandum in support of the motion, however, requests that the Court authorize service only by email and WhatsApp messaging. *Id.* ¶ 31. Then Plaintiff's memorandum contemplates "[s]ervice by posting on a designated legal notice website" that Plaintiff will maintain, though nowhere else in the motion or the memorandum does Plaintiff

4

make further reference to service by this manner of posting. *See id.* ¶ 22. Plaintiff fails to clarify the specific means of service it purportedly requires, much less the basis for those requests, or how those requests, as opposed to others, comport with due process. The Court cannot evaluate the merits of a request for alternative service without that information.

Finally, even if the Court were to assume Plaintiff requests only service via email and via WhatsApp as stated in Plaintiff's proposed order, *see* ECF No. 18-2,[1] Plaintiff fails to demonstrate that those mechanisms are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016. Plaintiff insists that Defendants have used email and WhatsApp "in direct communications with Plaintiff," Mot. ¶ 30, and therefore the email and WhatsApp addresses available to Plaintiff are "credible and efficient channel[s] of communication." *Id.*

There are at least three problems with that contention. First, the record currently before the Court belies it. Plaintiff has not provided the Court with a document is aware of no document that shows Defendants used email and WhatsApp to communicate with Plaintiff, as compared to counternotices that may have been emailed from Defendants to YouTube, and in turn were sent from YouTube to Plaintiff. *See* FAC, Exs. F-H. The signature box at the bottom of all three counternotices includes an email and a phone number for Defendant Pham Tien Dong (presumably the address and number Plaintiff hopes to serve, among others), but he is only one of three Defendants. *Id.* Further, there is no indication that the address or the phone number are consistently used by Defendant Pham, or anyone else. Notably, the email from YouTube to Plaintiff with the counternotice does not include the email address from which Defendant Pham corresponded with YouTube, so Plaintiff and in turn the Court, has no reliable information

---

[1] The proposed order has its own issues. Proposed Order, ECF 18-2. The order fails to identify the email addresses or telephone numbers to be used for alternative service and instead defines them as those "identified in subpoena responses from Google LLC" or "identified by Google/YouTube in subpoena responses." *Id.* The Court will not order service on any undisclosed addresses or telephone numbers; the contact information that will be used for proposed alternative service must be clearly provided in documents attached as exhibits to the moving papers, and incorporated into any proposed order granting alternative service. *Id.*

regarding what working email address belongs to, or is otherwise used by, Defendant Pham let alone the other named Defendants. *Id.*

The second issue concerns Plaintiff's assertion that it has "verified" the addresses it intends to serve. Plaintiff states that an undisclosed WhatsApp number associated with Defendants "is still active and corresponds." Mot. ¶ 30. Similarly, Plaintiff states that the email addresses to be served "remain active." Mot. ¶ 14. The Court presumes that Plaintiff undertook some sort of investigation to credibly make those assertions, but again, Plaintiff has not revealed that investigation to the Court. If Plaintiff conducted such an investigation, Plaintiff should include all the relevant details, with an explanation of the results, in a declaration or affidavit with supporting documentation and record citations. *See* N.D. Cal. Civ. L.R. 7-5 ("Factual contentions made in support of . . . any motion must be supported by an affidavit or declaration and by appropriate references to the record.").

Finally, Plaintiff appears to assume that service to the email address and WhatsApp number identified in the counternotices will satisfy Plaintiff's obligations under Rule 4(f). Fed. R. Civ. P. 4(f); Proposed Order at 2. However, even if Plaintiff provided the Court with credible information regarding Defendant Pham Tien Dong's usage of the email address and WhatsApp number (which Plaintiff did not), at best, that alternative service would suffice for a single Defendant, Pham Tien Dong, but no others. FAC, Exs. F-H. The motion makes vague references to "active email addresses and phone numbers," implying Plaintiff has other addresses it wishes to serve, but Plaintiff has not provided the Court with that information. Mot. ¶ 6. Without credible factual allegations, supported by declaration, and record citations, the Court has no information or support to authorize alternative service on Defendants Vieconnect or Tran Van Ha.

\* \* \*

On a different record, alternative service might be warranted in the future. But Plaintiff "cannot merely leapfrog over those means authorized by the Hague Convention or other usual methods deemed to be 'reasonably calculated to give notice,' as stated in Rule 4(f)(1) and (2), without a sufficient reason to do so." *Virtual Point, Inc. v. Hedera AB*, No. 13-CV-5690 YGR, 2014 WL 1729025, at \*3 (N.D. Cal. Apr. 29, 2014).

## IV. CONCLUSION

Plaintiff's motion for alternative service is DENIED WITHOUT PREJUDICE. The Preliminary Injunction hearing set for June 18, 2025, is VACATED and reset to September 10, 2025 at 9:00 a.m., to allow Plaintiff additional time to serve Defendants. The Case Management Conference set for August 19, 2025 is CONTINUED to that same September 10, 2025, date and time. A Joint Case Management Statement is due by August 27, 2025.

**IT IS SO ORDERED.**

Dated: June 17, 2025

Noël Wise
United States District Judge