UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>VIECONNECT, et al.,<br><br>   Defendants. | Case No. 25-cv-03639-NW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: ECF No. 27 |

Before the Court is Timeless Production FZ LLC's second motion for alternative service of process on Defendant Pham Tien Dong.[1] Mot., ECF No. 27. Because the Court is satisfied that Plaintiff attempted "reasonable, documented, repeated attempts to serve Defendant[] and gives [him] notice of this action, consistent with the Hague Convention and the spirit of due process," Order, ECF No. 19, the Court GRANTS Plaintiff's motion.

As set forth in this Court's prior Order, *see id.*, Plaintiff's suit alleges that Defendant, who is located in Vietnam, infringed Plaintiff's copywritten works by unlawfully reproducing Plaintiff's protected content in multiple videos uploaded to Defendant's YouTube channels. *See generally* second amended complaint ("SAC"), ECF No. 26. Though Plaintiff successfully filed this copyright action, it has been unable to effectuate service upon Defendant under the Hague Convention, the mechanism that governs international service of process amongst signatory

---

[1] Plaintiff's initial complaint and first amended complaint included two Defendants that no longer appear in Plaintiff's SAC: Vieconnect, a business entity that allegedly managed the infringing YouTube channels, and Tran Van Ha, Vieconnect's CEO. *Compare* ECF Nos. 1 and 10 *and* SAC, ECF No. 26. Given their omission from the SAC, the Court understands Plaintiff is no longer pursuing Vieconnect or Tran Van Ha in this litigation.

1  countries.  Accordingly, Plaintiff filed the instant motion asking the Court to approve service by
2  alternative means.

3        Plaintiff's motion is governed by Federal Rule of Civil Procedure 4(f), which addresses
4  "Serving an Individual in a Foreign Country."  Plaintiff specifically invokes Rule 4(f)(3), which
5  permits service on a foreign defendant through an alternate method of service that is (1) directed
6  by the court and (2) is not prohibited by international agreement.  *Rio Props., Inc. v. Rio Int'l*
7  *Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).  In evaluating whether to grant alternative service
8  under Rule 4(f)(3), district courts apply a three-step analysis: (a) assess whether the proposed
9  method of service is prohibited by international agreement, (b) determine whether Plaintiff has
10 demonstrated "that the facts and circumstances of the present case necessitate[ ] the district court's
11 intervention," and finally (c) confirm that the proposed method of service comports with
12 constitutional notions of due process.  *Id.* at 1016.

13       Plaintiff's motion makes the requisite showing.  First, though Plaintiff acknowledges that
14 Vietnam is a signatory to the Hague Convention, it correctly notes that "[n]othing in the Hague
15 Convention itself prohibits alternative service by email."  *Google LLC v. Does 1-3*, No. 23-CV-
16 05823-VKD, 2023 WL 8851619, at *2 (N.D. Cal. Dec. 21, 2023).  Plaintiff reports three separate
17 attempts to serve Defendant by certified mail, all unsuccessful. Mot. ¶ 12.  Further, Defendant
18 "maintain[s] no reliable physical office presence, conduct[s] all monetized operations digitally
19 through Google accounts, and actively control[s] [its] YouTube channels through the email
20 address confirmed in Google's subpoena response." *Id.* ¶ 13.  Plaintiff has provided sufficient
21 information to demonstrate its reasonable, repeated, and concerted efforts to serve Defendant, and
22 the Court agrees that alternative service is warranted and appropriate.  *Cf. S.E.C. v. Anticevic*, No.
23 05 Civ. 6991, 2009 WL 361739, at *4 (S.D.N.Y. Feb. 13, 2009) (permitting alternative service
24 after plaintiff twice attempted to serve defendant in two different countries); *S.E.C. v. China Sky*
25 *One Med., Inc.*, No. CV 12–07543–MWF (MANX), 2013 WL 12314508, at *3 (C.D. Cal. Aug.
26 20, 2013) (allowing alternative service where plaintiff "attempted service through the Hague
27 Convention for nine months without success); *Laborers Dist. Council Constr. Indus. Pension*
28

*Fund v. Sea Ltd.*, 345 F.R.D. 623, 625 (D. Ariz. 2024) (granting service via email after private investigator unsuccessfully attempted to locate defendants' addresses).

Plaintiff has also sufficiently demonstrated that the means of service proposed "comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1015. Plaintiff has identified the email address justintgonzalez6@gmail.com as Defendant's channel of communication with YouTube based on YouTube's own records. Mot., Ex. B. Furthermore, Plaintiff has conducted tests that demonstrate the address is active and functioning. Mot., Ex. D. The Court is persuaded that Plaintiff's proposed means of alternative service is reasonably calculated to provide actual notice to Defendants, and is not otherwise barred by the Hague Convention.

Accordingly, Plaintiff's motion is GRANTED. Plaintiff shall serve Defendant by emailing justingonzalez6@gmail.com the summons and complaint, along with a copy of the instant order, by no later than February 15, 2026. Additionally, as set forth in footnote 1, the Court DISMISSES Vieconnect and Tran Van Ha as Defendants in this action because they are no longer named in the operative complaint.

**IT IS SO ORDERED.**

Dated: January 30, 2026

Noël Wise
United States District Judge