ANDREW K JACOBSON (CSBN: 148583)
andy@bayoaklaw.com
**BAY OAK LAW**
1939 Harrison St Suite 929
Oakland, CA 94612
Telephone: (510) 208-5500

Attorney for Plaintiff
Timeless Production FZ LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC., A UNITED ARAB EMIRATES LIMITED LIABILITY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> PHAM TIENG DONG, AND DOES 1-10, INCLUSIVE, <br><br> Defendants. | **Case No.: 5:25-cv-03639-NW** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OT PLAINTIFF TIMELESS PRODUCTION FZ LLC'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 55(b)(2)** <br><br> Date:     June 23, 2026 <br> Time:     11:00 a.m. <br> Location: Courtroom 3, 5th Floor |

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant Pham Tieng Dong ("Defendant") has failed to appear in this case or respond to the allegations of Plaintiff Timeless Production FZ LLC ("Plaintiff") that Defendant violated:

1.  the Digital Millennium Copyright Act, 17 U.S.C. § 512 ("DMCA");

2.  falsification and removal and/or alteration Copyright Management Information ("CMI");

3.  Unfair Competition; and

**MPA IN SUPPORT OF PLAINTIFF TIMELESS PRODUCTION FZ LLC'S MOTION FOR DEFAULT JUDGMENT - 1**

4. submitted fraudulent DCMA counter-notices of copyright infringement aimed at illegally appropriating Plaintiff's copyrighted intellectual property.

The Clerk entered Defendant's default on March 2, 2026. ECF No. 34.

Plaintiff now respectfully requests that the Court enter default judgment under Rule 55(b).

**II. BACKGROUND**

Timeless Production FZ LLC ("Plaintiff") is a producer, editor, and publisher of original audiovisual content and 2D artwork, including high-quality copyrighted videos and photograph/thumbnails, featured on the Tekniq YouTube channel. With over 750,000 subscribers and more than 700 videos, Tekniq has built a strong global audience, generating revenue through YouTube's monetization program, sponsorships, and viewer engagement. Plaintiff owns the exclusive copyrights to its content, which represents significant creative and financial investments.

Defendant Pham Tien Dong, an individual involved in the operation, administration, and monetization of the YouTube channels known as WOW Tech and WOW TV, has engaged in widespread and systematic copyright infringement by reproducing, copying, and publicly displaying Plaintiff's copyrighted videos and thumbnails without authorization. Defendant has illegally copied substantial segments from Tekniq's videos, used Plaintiff's copyrighted 2D Artwork as thumbnails, and removed or altered Copyright Management Information (CMI) to mislead viewers and obscure the true origin of the content.

Plaintiff has identified multiple instances of direct copyright infringement, where Defendant's WOW Tech & WOW TV channel has unlawfully used Tekniq's content, including:

a) Unauthorized reproduction of Tekniq's video segments, leading to direct monetary loss and audience diversion;

b) Unlawful use of copyrighted 2D Artwork -photograph, falsely representing Plaintiff's content as Defendant's own;

c) Falsification and removal of CMI, violating 17 U.S.C. § 1202.

Defendant has further engaged in bad faith conduct by submitting fraudulent DMCA counter-notices to YouTube, falsely claiming ownership of Plaintiff's content to evade enforcement. These misrepresentations have forced Plaintiff to take legal action to prevent the reinstatement of infringing content.

Defendant's willful copyright infringement and fraudulent conduct have caused significant financial and reputational harm to Plaintiff by diverting revenue, misleading viewers, and undermining the integrity of Tekniq's original content. Plaintiff seeks monetary damages, injunctive relief, and statutory penalties under 17 U.S.C. §§ 501 and 1202, as well as any other legal remedies available to stop Defendant's continued infringement and unfair competition. ECF No. 26, p. 25:12 – p. 26:15.

On January 30, 2023, the Court granted Plaintiff's Motion to Authorize Alternative Service pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF No. 31. The Court authorized Plaintiff to serve Defendant via the Gmail address that Defendant used to submit the fraudulent counter-notices to YouTube. *Id.*

On February 2, 2026, Plaintiff served Defendant via the account. *See* ECF No. 32, Exhibit A. To date, Defendant has not answered or otherwise responded to the complaint. The Clerk entered default on March 2, 2026. ECF No. 34.

//

**MPA IN SUPPORT OF PLAINTIFF TIMELESS PRODUCTION FZ LLC'S MOTION FOR DEFAULT JUDGMENT** - 3

**III. ARGUMENT**

When evaluating a motion for default judgment, courts in the Ninth Circuit consider seven factors, commonly known as the *Eitel* factors:

"(1) the possibility of prejudice to the plaintiff,

"(2) the merits of plaintiff's substantive claim,

"(3) the sufficiency of the complaint,

"(4) the sum of money at stake in the action,

"(5) the possibility of dispute concerning material facts,

"(6) whether the default was due to excusable neglect, and

 "(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When assessing factors, courts accept well-pleaded allegations as true. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Where, as here, the defendant abuses a public internet platform and fails to appear in court, the *Eitel* factors strongly favor default judgment. *See, e.g., Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1033 (N.D. Cal. 2015) (granting motion for default judgment against foreign individual who submitted fraudulent takedown requests in violation of section 512(f)); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (granting motion for default judgment against a software developer who breached Craigslist's terms of use by posting unauthorized ads); *Facebook, Inc. v. Kokhtenko*, No. 21-CV-03036-YGR (LB), 2021 WL 7448619, at *6 (N.D. Cal. Dec. 3, 2021), *report and recommendation adopted as modified*, No. 21-CV-03036-YGR, 2022 WL 1195439 (N.D. Cal. Feb. 18, 2022) (granting motion for default judgment against a counterfeit luxury goods retailer who sold products on Facebook in violation of its terms of service); *Meta Platforms, Inc. v. Arowokoko*, No. 22-CV-00803-DMR, 2023 WL 3035454, at *11 (N.D. Cal. Feb. 24, 2023), *report and recommendation*

*adopted*, No. 22-CV-00803-JSC, 2023 WL 4013626 (N.D. Cal. May 9, 2023) (granting motion for default judgment against perpetrators of phishing scheme who impersonated financial services provider to obtain social media users' personal information in violation of platform's terms of service).

### A. *Eitel* Factor No. 1: The Possibility of Prejudice to Plaintiff is High.

If this Court does not grant default judgment, Plaintiff will suffer prejudice because it will be without legal recourse to stop Defendant's fraud and misrepresentation. Defendant's conduct will continue to harm Plaintiff and risk damaging Plaintiff's brand. This factor thus weighs heavily in favor of default judgment. *See, e.g., Automattic*, 82 F. Supp. 3d at 1028 (ruling that "Plaintiffs will be left without a remedy [for violation of section 512(f)], and therefore prejudiced, if default judgment is not granted"); *Craigslist*, 694 F. Supp. 2d at 1054 (ruling that failure to enter default judgment would leave plaintiff with no means to prevent further infringement and would cause substantial harm); *Kokhtenko*, 2021 WL 7448619 at *6 (ruling that defendant's refusal to litigate leaves plaintiffs without recourse unless the court grants default judgment); *Meta Platforms*, 2023 WL 3035454 at *5 (noting that plaintiffs would "likely have no other avenue for recovery" due to defendants' failure to appear and that this weighed in favor of granting default judgment).

### B. *Eitel* Factor Nos. 2 & 3: Plaintiff's Claims Are Meritorious and Sufficiently Pleaded.

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 10 48 (N.D. Cal. 2010). After an entry of default, well-pleaded allegations in the complaint are deemed true, except for the amount of damages. *Combs*, 285 F.3d at 906. Here, each of Plaintiff's claims is meritorious and sufficiently pleaded.

Pursuant to 17 U.S.C. § 512(f), any person who knowingly materially misrepresents that material was removed or disabled by mistake or misidentification shall be liable for any resulting damages, including costs and attorney's fees.

Thus, to state a claim for misrepresentation under section 512(f), Plaintiff must allege that Defendant "knowingly and materially misrepresent[ed]" that copyright infringement has occurred, that Plaintiff was injured due to "YouTube's "reli[ance]" on such misrepresentations, and that Plaintiff has been "injured" as a result. *Online Policy Grp. v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1204 (N.D. Cal. 2004) (noting that "the statutory language … is sufficiently clear on its face and does not require importation of standards from other legal contexts"); *see also Automattic*, 82 F. Supp. 3d at 1026 (ruling that section 512(f) had extraterritorial application to foreign resident defendant and granting default judgment based on defendant's alleged submission of fraudulent DMCA takedown requests). Here, Plaintiff has sufficiently alleged that Defendant submitted fraudulent DMCA Counter-Notices, causing YouTube to maintain Defendant's improper infringements of Plaintiff's intellectual property.

Accordingly, the second and third *Eitel* factors also weigh heavily in favor of default judgment.

**C. *Eitel* Factor No. 4: Plaintiff Is Seeking Reasonable Monetary Relief.**

Under the fourth *Eitel* factor, a "[c]ourt must consider the amount of money at stake in relation to the seriousness of defendant's conduct." *Tech. LED Intell. Prop., LLC v. Revogi, LLC*, No. 18-CV- 03827-JSC, 2019 WL 2716610, at *4 (N.D. Cal. June 27, 2019) (citing *Eitel*, 782 F.2d at 1471-72). Default judgment is appropriate where "the sum of money at stake is tailored to the specific misconduct of the defendant." *Bd. of Tr. v. Core Concrete Const., Inc.*, No. C 11–02532 LB, 2012 WL 380304, at *1, *4 (N.D. Cal.

Jan. 7, 2012). Plaintiff is entitled to monetary relief, as well as injunctive relief, appropriate the willful and repeated misconduct. This factor thus weighs heavily in favor of default judgment. *See Meta Platforms*, 2023 WL 3035454 at *8.

### D. *Eitel* Factor No. 5: There Is No Possibility of Dispute of Material Facts.

There is little possibility of genuine dispute over any of the material facts in this case. Plaintiff has presented detailed allegations, based on documentary evidence in Plaintiff's possession, regarding Defendant's systematic abuse of misappropriating Plaintiff's copyrighted intellectual property; falsification and removal and/or alteration of CMI; and submission of fraudulent Counter-Notices in violation of section 512(f) Even if Defendant were to appear in this action, it is highly unlikely that Defendant could dispute these facts. *See*, *e.g.*, *Craigslist*, 694 F. Supp. 2d at 1061 (possibility of a dispute unlikely); *Meta Platforms*, 2023 WL 3035454 at *8 (same); *Automattic*, 82 F. Supp. 3d at 1028-29 (granting default judgment where "Defendant could conceivably dispute some of the material facts if he were to appear, but he has failed to do so, and the communications between Plaintiffs and Defendant—which would likely be the key evidence in any such dispute—are properly before the Court").

### E. *Eitel* Factor No. 6: Defendant's Default Is Not Due To Excusable Neglect.

Defendant's default did not result from excusable neglect. In *Eitel*, the defendant's late response constituted excusable neglect because the defendant reasonably believed the litigation had ended. *See* 782 F.2d at 1472. Here, by contrast, there is nothing in the record to establish that Defendant had an excusable reason for failing to appear. Plaintiff properly served Defendant the Gmail accounts that Defendant

created and used to perpetrate the unlawful scheme. *See* ECF Nos. 31, 32. Plaintiff has had *months* to appear since but has failed to do so. Thus, it appears that Defendant had no intention of responding to the complaint, which is *inexcusable* neglect.

### F. *Eitel* Factor No. 7: The *Eitel* Factors Outweigh the Federal Policy That Favors a Decision on the Merits.

Finally, resolution on the merits is impossible as Defendant has made no effort to appear in this Court or to answer Plaintiff's complaint. *See, e.g., Automattic*, 82 F. Supp. 3d at 1029 (granting default judgment where resolution on the merits was "not possible" because Defendants "failed to appear"); *Craigslist*, 694 F. Supp. 2d at 1061 (stating that default judgment is warranted where a defendant's failure to appear makes a decision on the merits impossible); *Kokhtenko*, 2021 WL 7448619 at *7 (stating that a defendant's failure to participate supports default judgment); *Meta Platforms*, 2023 WL 3035454 at *8 (stating that default judgment is appropriate when "[a] decision on the merits is impractical as Defendants have refused to litigate th[e] action"); *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996) (Although default judgment is disfavored, "[t]he very fact that F.R.C.P. 55(b) exists shows that this preference, standing alone, is not dispositive.").

### IV. CONCLUSION

Plaintiff respectfully requests that the Court enter default judgment against Defendant under Rule 55(b)(2).

Dated: Friday, April 10, 2026

**BAY OAK LAW**

By: _Andrew K. Jacobson_
ANDREW K. JACOBSON
Counsel for Timeless Production FZ LLC