United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMELESS PRODUCTION FZ LLC,
Plaintiff,

v.

PHAM TIEN DONG,
Defendant.

Case No. 25-cv-03639-NW

**ORDER GRANTING IN PART PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT**

Re: ECF No. 50

Plaintiff Timeless Production FZ LLC "is a producer, editor, and publisher of . . . copyrighted videos and photograph/thumbnails[] featured on the Tekniq YouTube channel." ECF No. 26 ("SAC") ¶ 1. It owns the exclusive copyrights to its content, including the five YouTube videos and one thumbnail at issue in this action (the "Asserted Works"). *Id.*; *id.* Exhibit A. Defendant Pham Tien Dong ("Defendant" or "Pham") is "an individual involved in the operation, administration, and monetization of the YouTube channels known as WOW Tech and WOW TV," and has engaged in "copyright infringement by reproducing, copying, and publicly displaying Plaintiff's copyrighted videos and thumbnails," as well as removing or altering Plaintiff's Copyright Management Information ("CMI") and submitting "fraudulent DMCA counter-notices to YouTube." *Id.* ¶¶ 2, 4.

Defendant has failed to respond to any of the allegations made by Plaintiff in this case, and before the Court is Plaintiff's third[1] motion for default judgment. For the following reasons, the Court GRANTS default judgment against Defendant and GRANTS IN PART and DENIES IN PART Plaintiff's request for damages.

[1] The Court denied Plaintiff's first and second motions for default judgment without prejudice, directing Plaintiff to correct certain deficiencies. *See* ECF Nos. 46, 49.

United States District Court
Northern District of California

## I. BACKGROUND

The facts are taken from Plaintiff's SAC and declaration submitted in support of default judgment.[2]

Plaintiff owns the exclusive copyrights to the Asserted Works. SAC ¶ 1, Exhibit A. Between January 9, 2024 (earliest video) and April 8, 2025 (latest video), Pham began infringing Plaintiff's copyrights "by publishing without permission" the Asserted Works in Defendant's own YouTube videos. *See* ECF No. 51 ¶¶ 3–4, 7–8, 9–10, 13–14, 17–18, 21–22. In reproducing the Asserted Works as part of its own videos, Pham also removed CMI from the videos "by removing Tekniq's branding/logo from the top right corner of the video clips and replacing it with their own modifications." SAC ¶¶ 42–43.

For each video except the last, Plaintiff's declarant Younes Ben Fredj filed a copyright infringement notification with YouTube, resulting in the infringing videos being temporarily removed. *See* ECF No. 51 ¶¶ 5, 11, 15, 19; SAC ¶ 23. Defendant then submitted counter-notifications to YouTube, asserting that the infringing videos were Pham's own original content. ECF No. 51 ¶¶ 6, 12, 16, 20; SAC ¶¶ 23, 104, 107. Such counter-notices require Plaintiff to submit "evidence that [it has] taken legal action against the uploader to keep the content from being reinstated to YouTube." *Id.* (emphasis omitted). Plaintiff filed this action on April 30, 2025. *See* ECF No. 1.

On January 30, 2026, after Plaintiff's repeated unsuccessful attempts to serve Pham, who is located in Vietnam, the Court authorized Plaintiff to conduct alternative service on Defendant via Pham's email address as provided in the counter-notices. ECF No. 31; *see* ECF No. 51-1, Exs. C, G, J, M (the counter-notices were submitted with an email and phone number associated with the Defendant). To date, Defendant has neither responded to the complaint nor made any appearance related to this lawsuit. On March 2, 2026, the Clerk of Court entered default against

[2] For the purposes of default judgment, the factual allegations in a complaint are accepted as true except for those related to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

Defendant. ECF No. 34.

## II. LEGAL STANDARD

Federal Rule 55 allows a party "to apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). After reviewing jurisdiction and service of process, the Court may in its discretion enter a default judgement after entry of default. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("[w]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

Once jurisdiction and service are satisfied, the Court considers the following factors in determining whether default judgment is appropriate:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In evaluating a motion for default judgment, "the court takes the factual allegations in the complaint as true, except those relating to the amount of damages." *BBK Tobacco & Foods, LLP v. Aims Grp. USA Corp.*, 723 F. Supp. 3d 973, 981 (D. Nev. 2024) (citing *TeleVideo Sys.*, 826 F.2d at 917-18).

## III. DISCUSSION

### A. The Court Has Subject Matter and Personal Jurisdiction

The Court has subject matter jurisdiction over this lawsuit because Plaintiff's claims arise under federal copyright law, namely 17 U.S.C. §§ 501 (Count I – copyright infringement), 1202(a)–(b) (Counts II–III – falsification and removal of CMI), 504(c) (Count VI – seeking enhanced damages for willful infringement), and 512(f) (Count VII – misrepresentation under the Digital Millenium Copyright Act ("DMCA")). 28 U.S.C. § 1331.[3] The Court has supplemental

[3] Plaintiff does not address Count IV—the public display right under 17 U.S.C. § 106(5), which is pleaded as an independent cause of action in the SAC—in its motion. *Compare* ECF No. 50 *with* SAC ¶¶ 64–76. This cause of action appears to be duplicative of Plaintiff's first cause of action but, to the extent it is not, the claim is DISMISSED as unsupported by Plaintiff's motion. *See,*

United States District Court
Northern District of California

jurisdiction over Plaintiff's claim under California Business and Professions Code Section 17200 (Count V – the "UCL claim") because it arises from the same facts that give rise to the Court's original jurisdiction. 28 U.S.C. § 1367.

The Court has personal jurisdiction over Defendant for the purposes of Plaintiff's copyright claims because Pham submitted DMCA counter-notifications to YouTube, and in doing so submitted a statement "consent[ing] to the jurisdiction of the Federal District Court for . . . the judicial district in which YouTube is located[.]" *See* ECF No. 51-1 at 30. As another court in this District explained, such consent is valid and enforceable "for the purpose of [a] copyright dispute" because it "follows the process mandated by Congress under the DMCA." *Sei Robotics Co., Ltd. V. Yildirim*, No. 26-cv-07429-RFL, 2026 WL 2932435, at *1 (N.D. Cal. Sept. 28, 2026). "And because personal jurisdiction exists with respect to the copyright claims, the Court will exercise pendent jurisdiction over [Plaintiff's UCL] claim, because it arises out of the same nucleus of operative facts." *C.f. id.* (exercising pendent jurisdiction over trade-secrets claim that arose out of the same nucleus of operative facts as the copyright claims).

**B. Service of Process Was Adequate**

For an individual in a foreign country, Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). This Court authorized alternative service on Defendant via the email address that Defendant used to submit the DMCA counter-noticed to YouTube. ECF No. 31. Consistent with that Order, Plaintiff served the summons, complaint, each of its motions for default judgment, and the supplemental brief on personal jurisdiction (and this Court's order directing supplemental briefing) on Pham via that email address, and that service was proper. ECF Nos. 32, 57-1; *Zapier, Inc. v. ClickDesk, Inc.*, No. 22-cv-04811-JSW (TSH), 2023 WL 11876840, at *6 (N.D. Cal. May 3, 2023) ("Service was proper in this case because Zapier served Defendants in accordance with the Court's order

---

*e.g.*, *Zhang*, No. 25-cv-08751-SVK, 2026 WL 1717254, at *4 (N.D. Cal. May 19, 2026) ("It is incumbent upon plaintiff to state, apply, and support the factors on the claim(s) upon which it seeks default judgment."), *report and recommendation adopted,* 2026 WL 1716165 (N.D. Cal. June 12, 2026) ("Claims 2–5 are subject to dismissal without prejudice because Plaintiff has not adequately supported the request for default judgment as to those claims.")

permitting alternative service.”).

### C. The *Eitel* Factors Support Entry of Default Judgment

Having concluded the requirements for service of process and jurisdiction are met, the Court turns to the *Eitel* factors. Upon consideration, the factors as a whole weigh in favor of entry of default judgment against Defendant in this action.

#### 1. *Eitel* Factor 1 – Prejudice to Plaintiff

“As courts in this Circuit regularly find, ‘on a motion for default judgment, prejudice exists where the plaintiff has no recourse for recovery other than default judgment.’” *Zhang v. Meng*, No. 25-cv-08751-SVK, 2026 WL 1717254, at *4 (N.D. Cal. May 19, 2026) (quoting, *inter alia*, *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014)), *report and recommendation adopted,* 2026 WL 1716165 (N.D. Cal. June 12, 2026). “That is the case here, where Defendant has failed to respond to this action such that default judgment is Plaintiff’s sole recourse.” *Id.* This factor supports default judgment.

#### 2. *Eitel* Factors 2 and 3 – The Merits of Plaintiff’s Claims and the Sufficiency of the Complaint as to Each Claim

The second and third *Eitel* factors are often analyzed together and require that the complaint sufficiently state each claim on which the plaintiff seeks to recover. *See, e.g.*, *Design Collection Inc. v. Body Shop of Am. Inc.*, No. 13-cv-9000-FMO (SHx), 2014 WL 12616612, at *2 (C.D. Cal. Apr. 30, 2014) (citing *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F.Supp.2d 1038, 1048 (N.D. Cal. 2010); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). The Court examines each of Plaintiff’s causes of action under these factors, in turn.

##### a. Count I – Copyright Infringement

“To prevail on a claim of direct copyright infringement, [Plaintiff] must establish ‘ownership of the allegedly infringed material’ and that [Defendant] ‘violated at least one exclusive right granted to’ [Plaintiff] under 17 U.S.C. § 106. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (internal alterations omitted). Plaintiff has submitted the registration numbers for each of the Asserted Works, showing that each is registered to Plaintiff. *See* ECF No. 51-1 at 2–3, 13–14, 16–17, 32–33, 44–45, and 55–56. And Plaintiff alleges that, without its

authorization, Pham publicly displayed each of the Asserted Works by publishing them on YouTube. *See* SAC ¶¶ 2–3, 8, 30–31. Taking the non-damages allegations of the SAC as true, Plaintiff has stated a meritorious claim for direct copyright infringement, and the second and third *Eitel* factors support default judgment as to count I.

**b. Counts II and III – Falsification and Removal of CMI**

The DCMA makes it unlawful for any person, without the copyright holder's permission or some other authority, to "(1) intentionally remove or alter any copyright management information[.]" 17 U.S.C. § 1202(b)(1). Here, Plaintiff has alleged that Defendant "knowingly and deliberately removed . . . Tekniq's branding/logo from the top right corner of the video clips and replac[ed] it with their own modifications." SAC ¶¶ 42–43, 52–53, 55(a)–(e). Such allegations, taken as true, satisfy the requirements of Section 1202(b)(1). *See, e.g.*, *Bus. Casual Holdings, LLC v. TV-Novosti*, No. 21-cv-2007-JGK (RWL), 2023 WL 1809707, at *2, *7 (S.D.N.Y. Feb. 8, 2023) (finding that "remov[ing Plaintiff]'s watermark from the copied portions and replac[ing] it with [Defendant]'s own [] watermark . . . establish Defendant's violation of §§ 1202(a), 1202(b)(1), and 1202(b)(3).").

Plaintiff's SAC, however, includes one count for "falsification" of CMI under "17 U.S.C. § 1202," with no subsections identified, and one count for "removal and/or alteration" of CMI under "17 U.S.C. § 1202(b)." In this case, Plaintiff has not sufficiently alleged or explained how Defendant violated any provisions of Section 1202 beyond subsection 1202(b)(1) (removal or alteration of CMI). The Court finds that the second and third *Eitel* factors thus weigh in favor of default judgment as to Count III but against default judgment as to Count II.

**c. Count IV – "Public Display Right Infringement"**

As noted above, Plaintiff does not address Count IV in its motion and so this claim is DISMISSED. *See, supra*, n. 1.

**d. Count V – UCL Claim**

California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. But "[t]he Copyright Act explicitly preempts state laws that regulate in the area of copyright, stating that 'all

legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 ... are governed exclusively by this title.'" *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008) (quoting 17 U.S.C. § 301(a)). Where a plaintiff alleges the defendant "violated the UCL by utilizing the copyrighted materials without [P]laintiff['s] permission and by falsely claiming ownership over [Plaintiff's] videos," without any "'extra element' that changes the nature of the action," the Copyright Act preempts California UCL claims. *E.g.*, *Stavrinides v. Vin Di Bona*, No. 18-cv-00314-CAS (JPRx), 2018 WL 1311440, at *5 (C.D. Cal. Mar. 12, 2018) (internal quotation marks and citations omitted). Plaintiff's motion does not address preemption, and Plaintiff appears to rely on the same facts to support its UCL claim as underpin its copyright claims. *See* SAC ¶¶ 82–83. The second and third *Eitel* factors weigh against default judgment as to Count V.

**e. Count VI – Willful Infringement**

Plaintiff's sixth cause of action is for "willful copyright infringement." SAC ¶¶ 88–100. But "'willful copyright infringement' may not be separately pleaded because it does not constitute a separate and independent claim for relief. Rather, willfulness is properly introduced as evidence bearing on the type of damages for infringement." *Precision Automation, Inc. v. Tech. Servs., Inc.*, 628 F. Supp. 2d 1244, 1250 (D. Or. 2008); *compare also* 17 U.S.C. § 501 (creating cause of action for "Infringement of copyright") *with id.* § 504(c)(2) (setting forth a "statutory damages" remedy, including enhanced damages in the court's discretion if "the court finds, that infringement was committed willfully[.]"). Accordingly, the Court DISMISSES this cause of action but considers Plaintiff's willfulness allegations as they relate to damages in Section III.D.3., below.

**f. Count VII – DMCA Counter-notice Fraud**

The DMCA provides that "[a]ny person who knowingly materially misrepresents under this section . . . (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages . . . as the result of the service provider relying upon such misrepresentation . . . in replacing the removed material or ceasing to disable access to it." 17 U.S.C. § 512(f). Here, Plaintiff alleged that Defendant submitted counter-notifications under the DMCA to YouTube falsely claiming ownership of the infringing video clips. *See* SAC

¶¶ 101–07. Plaintiff alleges that Pham these knowingly and willfully submitted these false counter-notices, which "led to the improper reinstatement of infringing content." *Id.* Taking these allegations as true, the second and third *Eitel* factors support default judgment as to this claim.[4]

**3. *Eitel* Factor 4 – The Sum of Money at Stake in the Action**

The fourth factor is the sum of money at stake in the litigation. "In weighing this factor, courts consider the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by defendant's conduct.'" *Curtis*, 33 F. Supp. 3d at 1212 (quoting *Landstar Ranger, Inc. v. Parth Enter., Inc.,* 725 F.Supp.2d 916, 921 (N.D. Cal. 2010)). Plaintiff seeks "a total of $1,050,000 in statutory damages: $900,000 for willful copyright infringement (six works × $150,000 per work) and $150,000 for CMI violations (six works × $25,000 per work)." ECF No. 50 at 19. Plaintiff justifies this amount by vaguely pointing "to the harm caused by Defendant's systematic and willful misconduct." *Id.* But neither Plaintiff's complaint nor motion ever specify (a) the amount of wrongful profits Defendant has made or (b) the amount of harm via "loss of advertising revenue and potential sponsorships due to the diversion of viewers . . . [or] damage to Plaintiff's reputation and brand integrity" at issue in this case. *See, generally*, SAC; ECF No. 50.

On similar facts, some courts in this Circuit have found that "this factor weighs against granting default judgment" because, even if statutorily permissible, "the amount requested is large for a grant of default judgment"; other courts have concluded that because the Court "retains discretion to determine the proper amount of statutory damages . . . [and] ensure[] the ultimate damages award reasonably corresponds to the harm to Plaintiff[] and the seriousness of Defendant['s] infringing conduct, . . . this factor weighs in favor of default judgment." *Compare, e.g.*, *Curtis*, 33 F. Supp. 3d at 1212 (finding this factor weighs against default judgment but

---

[4] The Court notes that Plaintiff has only alleged false counter-notices were submitted as to three of the five videos at the time of the SAC (*see* SAC ¶ 22 (citing *id.* Exhibits F–H)) and has provided evidence that four of the five videos were subject to false counter-notices as of the time of the final motion, (*see* ECF No. 51 ¶¶ 6, 12, 16, 20 (citing *id.* Exhibits C, G, J, M)). Consequently, the Court understands that Plaintiff is not asserting a counter-notice fraud claim as to the remaining video.

nonetheless granting default judgment upon balancing the *Eitel* factors) *with Elohim EPF USA, Inc. v. Aceplus, Inc.*, No. 14-cv-05428 BRO (EX), 2015 WL 13753299, at *6 (C.D. Cal. Jan. 2, 2015). Here, the Court finds this factor is neutral.

**4. *Eitel* Factors 5 – The Possibility of Disputed Facts**

The fifth *Eitel* factor concerns the likelihood of dispute concerning material facts in the claims. *Eitel*, 782 F.2d at 1471-72. Where a defendant has wholly "failed to respond in [an] action, and thus ha[s] not asserted that there are material facts in dispute, the Court cannot adequately weigh this factor." *Best W. Int'l, Inc. v. KKR, LLC*, No. 15-cv-01406-PHX-BSB, 2016 WL 806059, at *4 (D. Ariz. Feb. 16, 2016), *report and recommendation adopted,* 2016 WL 795858 (D. Ariz. Mar. 1, 2016). Accordingly, the Court finds this factor neutral. *See also, e.g.*, *Innovative Sports Mgmt., Inc. v. Lizcano*, No. 25-cv-07588-NW, 2026 WL 2260383, at *4 (N.D. Cal. Aug. 5, 2026).

**5. *Eitel* Factors 6 – Whether Default Was Due to Excusable Neglect**

The sixth factor, excusable neglect, supports default judgment because Plaintiff served Defendant with the complaint and summons pursuant to this Court's order. ECF No. 31. There is no indication in the record that Pham's default resulted from excusable neglect.

**6. *Eitel* Factor 7 – The Policy Favoring Decisions on the Merits**

"This factor reflects the general principle that cases should be decided on their merits when it is reasonably possible to do so. Although this factor almost always disfavors the entry of default judgment, it is not dispositive." *Curtis*, 33 F. Supp. 3d at 1213 (internal quotation marks and citations omitted).

* * *

For all Plaintiff's causes of action, the first and fifth *Eitel* factors weigh in favor of default judgment, the fourth and fifth are neutral, and the seventh weighs against. The second and third factors weigh in favor of default judgment on Counts I, III, and VII, but against default judgment on the remaining claims. The Court concludes that, on balance, the *Eitel* factors support entry of default judgment as to Counts I, III, and VII.

United States District Court
Northern District of California

**D. Entitlement to Damages**

As noted above, Plaintiff seeks a total of $1,050,000 in statutory damages or "[a]lternatively, . . . actual damages and Defendant's profits attributable to the infringement, in an amount to be determined through discovery and proof at a damages hearing." ECF No. 50 at 23. Plaintiff also seeks a permanent injunction against future infringement, "full costs and reasonable attorneys' fees," "the impoundment and destruction of all infringing copies and materials under 17 U.S.C. § 503," an order freezing "Defendant's assets to prevent the dissipation of illicit profits, including Defendant's Google AdSense earnings, advertising and sponsorship revenue from YouTube and related monetization platforms, bank accounts, PayPal accounts, cryptocurrency wallets, and financial accounts associated with the infringing activities, as well as all funds derived from Defendant's YouTube Partner Program and commercial ventures tied to the unauthorized use of Plaintiff's copyrighted content," "leave to serve a subpoena on Google LLC (YouTube) to obtain account records, monetization data, and related documents necessary to determine the scope of Defendant's unlawful profits," prejudgment and post judgment interest, and any other relief the Court deems proper. ECF No. 50 at 23–24.

**1. Injunctive and Other Non-Monetary Relief**

Plaintiff's requests for injunctive and other non-damages relief are not adequately supported by the motion. For example, while the Copyright Act "empowers a district court to issue a permanent injunction 'on such terms as it may deem reasonable to prevent or restrain infringement of a copyright[,]' . . . '[s]uch relief is an 'extraordinary and drastic remedy' that 'is never awarded as of right.'" *Elohim*, 2015 WL 13753299, at *9 (quoting 17 U.S.C. § 502(a) and *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 980 (9th Cir. 2011)). A permanent injunction requires a showing of irreparable injury, inadequate remedies at law, consideration of the balance of hardships, and consideration of the public interest. *Id.* (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). Separately, Plaintiff does not explain how the Copyright Act's "impoundment" provision applies to this case, and the Court is not required to examine arguments not made by Plaintiff. Plaintiff's requests for non-monetary relief are DENIED.

**2. Actual Damages**

Plaintiff concedes that it "cannot independently determine the amount of money Defendant has earned from infringing Timeless's copyrighted works," and Plaintiff does not provide any evidence as to the amount in which it has been harmed. *See* ECF No. 50 at 22. Plaintiff's request for actual damages is DENIED.[5]

**3. Statutory Damages**

A Plaintiff may seek statutory damages for copyright infringement "regardless of the adequacy of the evidence offered as to [its] actual damages and the amount of the defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). The Copyright Act sets a $750 minimum and a $30,000 maximum award of statutory damages for copyright infringement, with the maximum award increased to $150,000 for willful infringement. 17 U.S.C. § 504(c)(1)–(2). "District courts have broad discretion to determine an appropriate amount of statutory damages." *Elohim*, 2015 WL 13753299, at *8 (citing *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998).

"The Ninth Circuit has not adopted uniform criteria for determining the appropriate amount of statutory damages for willful copyright infringement." *Curtis*, 33 F. Supp. 3d at 1217. In the absence of uniform guidance, courts in this Circuit have used a variety of factors, including: "(1) the infringers' profits and the expenses they saved because of the infringement; (2) the plaintiff's lost revenues; (3) the strong public interest in ensuring the integrity of copyright laws; and (4) whether the infringer acted willfully." *Id.* (collecting cases, including one from this District). Plaintiff's analysis of statutory damages is sparse, and does not address Defendant's

[5] Plaintiff's request for leave to serve an ex parte subpoena on Google to "obtain account records, monetization data, and related documents necessary to determine the scope of Defendant's unlawful profits" is unsupported by the motion and comes too late, as Plaintiff now asks this Court to enter judgment in this action without justifying its delay to seek discovery. *C.f., e.g.*, *In re Liu*, 282 B.R. 904, 910 (Bankr. C.D. Cal. 2002) ("While a plaintiff may not serve requests for admission to a non-answering defendant, a plaintiff may use other discovery tools to obtain evidence to prove a prima facie case in a default judgment hearing[, such as a] subpoena and take the deposition of a non-party[.]").

United States District Court
Northern District of California

profits, expenses saved, or revenues lost. But even so, the Court recognizes the public interest in ensuring integrity of the copyright laws and, most importantly, Plaintiff's willfulness showing is substantial when the allegations of the SAC are credited as true.[6]

Balancing these factors, and considering the extent of Pham's infringement, as judged by the length of time that the infringing content was publicly displayed, the Court finds the following amounts of statutory damages to serve the interests of justice. (1) For willful copyright infringement, an award of five times the statutory minimum, per work, per month that the infringing content was displayed until the date of the original complaint is just and proper. (2) For the independent removal and alteration of CMI, the statutory minimum per instance of removal and per instance of alteration, *i.e.*, two times the statutory minimum per work, is just and proper. In sum:

- Video 1 – "Genius Techniques They Use to Cut Millions of Soap Bars":
    - $750 (statutory minimum) x 5 (willful enhancement) x 3 (months between the date infringement began and the date of the complaint) = $11,250, **plus** $2500 (statutory minimum for violation of Section 1202) x 2 = <u>$21,250</u>.
- Visual Work (Thumbnail)
    - $750 x 5 x 7 = <u>$26,250</u>.[7]
- Video 2 – "Risky Way They Make Tons of Weird Indian Black Salt"
    - $750 x 5 x 15 = $56,250 **plus** $2500 x 2 = <u>$66,250</u>.

---

[6] As previously noted, "willful copyright infringement" is not a standalone claim but an enhancement of damages for copyright infringement. *See, supra*, § III.C.2.e. In that way, willfulness allegations are in some sense allegations "relating to the amount of damages," which are not ordinarily taken as true. *See TeleVideo Sys.*, 826 F.2d at 917-18. Nonetheless, under Ninth Circuit authority, well-pleaded allegations relating to willfulness—such as the allegation that DMCA counter-notices were falsely submitted and CMI was intentionally removed and falsified—are taken as true at the default judgment stage. *See, e.g.*, *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (instructing that allegations of willful infringement are taken as true as to trademark claim at the default judgment stage). The Court takes Plaintiff's willfulness allegations as true here.

[7] The Court awards no additional damages for removal of CMI, because the visual thumbnail work was not implicated in that claim. *See* SAC ¶ 55.

- Video 3 – "UK's Weirdest Boat Lift in Action: Falkirk Wheel"
  - $750 x 5 x 3 = $11,250, **plus** $2500 x 2 = $21,250.
- Video 4 – "Riding Cheapest Bamboo Transport of Bangladesh"
  - $750 x 5 x 5 = $18,750, **plus** $2500 x 2 = $28,750.
- Video 5 – "Poor Chinese Farmer Built Genius Invention to Move His Sheep"
  - $750 x 5 x 1 = $3,750 **plus** $2500 x 2 = $13,750.

In total, the Court awards Plaintiff $177,500 in statutory damages.

### 4. Costs and Reasonable Attorney's Fees

Finally, Plaintiff requests costs and attorney's fees under 17 U.S.C. § 512(f), which provides for such an award in cases of falsification of DMCA counter-notices. Plaintiff shall move for attorney's fees and costs, substantiating the amount of costs and reasonable attorney's fees, **no later than November 2, 2026**.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment as to Counts I, III, and VII, DENIES the motion and DISMISSES Counts II and IV–VI, and AWARDS $177,500 in statutory damages but DENIES all other relief, except for fees and costs.

Plaintiff's motion for attorney's fees and costs is due **November 2, 2026**.

**IT IS SO ORDERED.**

Dated: October 19, 2026

Noël Wise
United States District Judge